CHESTER BEDELL, A MINOR, BY GEORGE C. BEDELL, HIS NEXT FRIEND, *Plaintiff in Error*, v. JACKSONVILLE TRACTION COMPANY, *Defendant in Error.*

Opinion Filed February 23, 1915.

1. Upon motion made under Section 1433 General Statutes of 1906, an appropriate order may be made by the court for compulsory amendment of pleadings, where the pleading is so framed as to prejudice or embarrass or delay the fair trial of the action, even though the motion is not entirely appropriate in its terms.

2. Where a declaration alleges that the plaintiff was a passenger on defendant's "street railway in the City of Jacksonville," to be "carried on a journey from a certain point * * * to a certain other point on its said railway," and the defendant "wrongly ejected the plaintiff," without stating the point of the plaintiff's start or destination as such passenger, or the place at or near which the plaintiff was ejected, a compulsory amendment may be required as to the initial and terminal points of the "journey" and the locality of the alleged ejection, if it is within the plaintiff's knowledge.

3. Where an amendment of a declaration has been filed in response to an order of the court, and such amendment is relevant and material, but it is not regarded as sufficiently

definite, further orders as to amendments may be made on proper application; and the amendment filed should not be stricken or the cause abated or dismissed, as for failure to comply with the order of the court, where contumacy does not appear and there is nothing to indicate a trifling with the court's procedure.

Writ of error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment reversed.

*Bisbee & Bedell* and *A. H. King,* for Plaintiff in Error;

*J. L. Doggett,* for Defendant in Error.

WHITFIELD, J.—The declaration filed herein is as follows:

"Chester Bedell, a minor child, by George C. Bedell his next friend, sues Jacksonville Traction Company, a corporation, defendant.

For that the defendant was a carrier of passengers on a street railway in the City of Jacksonville, Duval County, Florida, for reward to the defendant and plaintiff became and was received by defendant as a passenger to be by it safely and securely carried on a journey from a certain point upon its said railway in said city to a certain other point on its said railway for reward to the defendant, yet the defendant did not safely and securely carry the plaintiff upon the said railway on the said journey, but wrongfully ejected the plaintiff from the carriage in which the plaintiff was a passenger upon said railway on the said journey as aforesaid, and plaintiff was thereby subjected

to great inconvenience, discomfort, and humiliation.

Wherefore, plaintiff sues and claims Five Thousand Dollars."

A demurrer to the declaration was filed, the ground being that "there is no negligence charged against the defendant." This demurrer was overruled. A motion was made under Section 1433 Gen. Stats. of 1906, for a compulsory amendment of the declaration on the grounds that "(a) More definiteness as to time and place of alleged ejection; (b) as to whether force was used; (c) that sufficient acts be alleged so that defendant may be able to definitely determine whether the alleged cause of action is ex contractu or ex delicto. Upon the ground that the said declaration as now framed tends to prejudice, embarrass and delay the fair trial of said action."

The following order was made on the motion for compulsory amendment: "It is ordered that ground (a) of the said motion be granted, and that the plaintiff be required to so amend his declaration as to show the point at which he boarded defendant's car, the point of his destination, and the point at which he was ejected from said car; such amendment to be made within ten days and that the defendant plead further on the rule day in October, 1913.

It is further ordered that grounds (b) and (c) of said motion be denied."

The plaintiff filed the following: "Comes now the plaintiff in the above styled cause and in accordance with the order of the court entered on the eighth day of September, A. D. 1913, says:—

That the happenings in the declaration mentioned were

on the second day of October, 1912, and that the point at which he boarded defendant's car in said declaration mentioned was on Ocean Street near Bay Street in the City of Jacksonville, Duval County, Florida, and that the point of his destination in said declaration mentioned was Fourth Street near Laura Street in said city, and the point at which he was ejected from said car was on Main Street in said city South of Hogan's Creek."

The defendant filed the following motion: "Comes now the defendant by John L. Doggett its attorney, and moves this court to strike out the paper which plaintiff has filed or has attempted or pretended to file herein, and in which plaintiff attempts or pretends to set up certain circumstances as to the time and place of the alleged injury set up in the declaration herein, and defendant moves to strike out this said paper on the following grounds.

1. The said paper is not an amendment to the declaration.

2. The said paper is not an amended declaration.

3. The said paper tends to prejudice, embarrass and delay the fair trial of the cause.

4. The said paper is wholly immaterial.

5. The said paper is indefinite and uncertain.

6. The said paper is contumacious and not in obedience to the order of the court herein."

On this motion the following order was made: "This motion having been argued by counsel, submitted and considered, it is ordered that the same be, and is, hereby granted."

Subsequently the defendant moved "that the court dismiss this suit as for want of a declaration, because of the failure of the plaintiff to amend his declaration as ordered to do herein by the court."

The court made the following order on the motion to dismiss: "The above motion having been argued, submitted and considered; it is ordered that the same be, and is denied. It is further ordered that this cause stand abated until such time as the plaintiff shall amend his declaration in compliance with the order of the court made herein on September 8th, 1913, and shall furnish to the attorney of record for the defendant a copy of such amendment, after the service of which copy the defendant shall be allowed fifteen days within which to plead further as it may be advised."

Subsequently the court rendered the following judgment: "Plaintiff in the above styled cause failed to amend his declaration as required, it is considered by the court that this cause stand dismissed, that the plaintiff take nothing by his suit, and that the defendant go thereof without day and have and recover its costs herein expended."

On writ of error taken by the plaintiff below it is contended that the court erred in the order for compulsory amendment, in granting the motion to strike the amendment, in ordering that the "cause stand abated until such time as the plaintiff shall amend his declaration in compliance with the order of the court made herein," and in dismissing the cause.

Section 1433 of the General Statutes is as follows: "If any pleading be so framed as to prejudice or embarrass

or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit."

It is in effect contended that the court had no authority under Section 1433 General Statutes, to require the plaintiff to amend his declaration as directed in the order made for that purpose.

An allegation that the plaintiff was a passenger on the defendant's "street railway in the City of Jacksonville," to be carried on a journey from a certain point * to a certain other point on its said railway," and that the defendant "wrongfully ejected the plaintiff" without in any way stating the place at or near which the "plaintiff became and was received by defendant as a passenger," or the point of the plaintiff's destination or the place at or near which he was ejected may not apprise the defendant of facts that are or may be within the knowledge of the plaintiff, and that are or may be regarded by the court as material to avoid prejudice, embarrassment or delay in the fair trial of the action. Section 1433 Gen. Stats. was designed to meet a situation of this character. The statute requires merely that the complaining party "apply to the court to strike out or amend" as desired, "and the court shall make such order respecting the same * as it shall see fit." And an appropriate order may be made "even though the motion be not entirely appropriate in its terms." Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. The statute relative to striking and to compulsory amendment of "any pleading so framed as to prejudice or embarrass or delay the fair trial of the

action," is independent of the rules of law relative to bills of particulars.

It does not appear that the court abused its judicial discretion in making the order for compulsory amendment; but on the contrary the amendments required to be made seem to be appropriate to enable the defendant to concert its defense, the declaration merely alleging that the ejection was on the defendant's railway in the City of Jacksonville. The amendment states that the plaintiff "was ejected from said car on Main Street in said city south of Hogan's Creek;" and it is admitted here that this statement locates the expulsion within eight or ten blocks. This amendment is an apparent attempt to comply with the order of the court, it is not immaterial nor so indefinite and uncertain as to warrant the court in striking it, and no contumacy appears in the transcript. If for any reason the statement that the ejection was "on Main Street in said city south of Hogan's Creek" is calculated "to prejudice or embarrass or delay the fair trial of the action," further amendment may be required upon a proper application; but the statement filed in obedience to the order to amend in stated particulars, is relevant and material; and if it is not entirely satisfactory to the defendant the entire amendment should not for that reason have been stricken, the paper containing the statements being in effect an amendment to the declaration filed under an order of the court and is binding on the plaintiff in making out his cause of action. The order for compulsory amendment does not violate Sections 1428 and 1450 Gen. Stats. relative to the contents and form of pleadings.

It appears from the transcript, and the plaintiff by

counsel asserts, that the paper filed pursuant to the order for compulsory amendment was intended as an amendment to the declaration under the order made, and the amendment is apparently a substantial compliance with the order, there is, therefore, nothing in the transcript to sustain the order made "that this cause stand abated until such time as the plaintiff shall amend his declaration in compliance with the order of the court." The amendment as filed is not a plain disregard of the order, but apparently it is at least a substantial compliance with the order, in that the plaintiff, a minor, whose age is not stated, may not know the exact point at which he was ejected "on Main Street * south of Hogan's Creek," and the statement as to the place of ejectment may be sufficient to avoid embarrassment in the fair trial of the action.

As the paper intended to be an amendment of the declaration made by virtue of an order for compulsory amendment, was improperly stricken, the judgment dismissing the action because the plaintiff "failed to amend his declaration as required," was erroneous, and is hereby reversed and the cause remanded for appropriate proceedings.

It is so ordered.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS. JJ., concur.